UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRISTY WEBSTER, ) | |
|     Plaintiff, ) | |
| ) | |
|   vs. ) | 1:06-cv-529-RLY-DML |
| ) | |
| HILEX POLY CO., LLC and SCOTT ) | |
| SHIELDS, ) | |
|     Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTION FOR SANCTIONS and DEFENDANTS'
MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927**

Before the court is Defendants' Motion for Sanctions pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure and Defendants' Motion for Sanctions Pursuant to 28 U.S.C. § 1927. For the reasons set forth below, the court **DENIES** Defendants' Motions.

**I.     Background**

On September 10, 2007, the court denied Defendants' Motion for Summary Judgment and denied Plaintiff's Counter-Motion for Summary Judgment with respect to Plaintiff's claim under the Family Medical Leave Act ("FMLA"). In preparation for the October 27, 2008, trial of this matter, Defendants took the evidentiary deposition of Plaintiff's treating physician, Dr. Jennifer Stanley ("Dr. Stanley"), on September 16, 2008. During Dr. Stanley's deposition, she was asked to verify certain documents relied upon by Plaintiff in support of her FMLA claim, including Return to Work slips, that

1

were purportedly signed by Dr. Stanley.  Dr. Stanley testified that at least twenty of the documents submitted to her for verification were altered and/or forged.  (Deposition of Jennifer Stanley, M.D. ("Dr. Stanley Dep.") at 68-72, 78-80, 112).  Dr. Stanley further testified that a Return to Work slip filled out by her Nurse Practitioner, Sue McMullen ("Nurse McMullen"), had likewise been altered.  (*Id*. at 71).

Following Dr. Stanley's deposition, Plaintiff's counsel, Mark Waterfill ("Mr. Waterfill"), promptly discussed this matter with Plaintiff, and Plaintiff admitted to altering said documents.  Mr. Waterfill then contacted Defendants' counsel, and, on September 22, 2008, the parties filed a joint Stipulation to Dismiss with prejudice.

On September 25, 2008, Defendants filed their Motion for Sanctions.  Plaintiff responded that Defendants' motion lacked merit due in part to the fact that Defendants had not given Plaintiff notice pursuant to Rule 11(c)(1)(A).  On October 17, 2008, Defendants filed their Reply to the Motion for Sanctions under Rule 11 and contemporaneously filed a Motion for Sanctions Pursuant to 28 U.S.C. § 1927.  The court held a hearing on these matters on November 3, 2008, during which the court took both motions under advisement. The court now rules on both motions.

## II.   Defendants' Motion for Sanctions under Rule 11

Rule 11(b)(3) provides that an attorney, who files a pleading, written motion, or other paper with the court, "certifies that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . that the factual contentions have evidentiary support. . . ."  Rule 11 has a "safe harbor"

provision, which requires that the party moving for sanctions notify the non-moving party of its intention to move for sanctions. The motion, however, "shall not be filed with or presented to the court if the challenged paper, claim, defense, contention, allegation, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed.R.Civ.P. 11(c)(2). Although the Seventh Circuit has not had occasion to address this particular issue, district courts in this circuit require strict compliance with this procedural requirement. *Echemendia v. Gene B. Glick Man. Corp.*, 2006 WL 2095234 (N.D. Ind. 2006); *Hamil v. Mobex Managed Servs. Co.*, 208 F.R.D. 247, 250 (N.D. Ind. 2002); *Ardisam Inc. v. Ameristep, Inc.*, 343 F.Supp.2d 726 (W.D. Wis. 2004). Moreover, even if the moving party has served a notice of sanctions prior to the case being dismissed, a voluntary dismissal is considered a withdrawal of the subject pleading. *Hockley by Hockley v. Shan Enterprises Ltd. P'ship*, 19 F.Supp.2d 235, 240 (D.N.J. 1998) ("[T]he text of the current Rule 11 and current authority interpreting it indicate that a motion for sanctions under Rule 11 must be submitted prior to the dismissal of a case.").

    Here, Defendants did not comply with the 21-day safe harbor provision. Moreover, the Plaintiff and the Defendants filed a joint Stipulation to Dismiss in this case soon after the Plaintiff's conduct came to light. Accordingly, the court finds that Rule 11 sanctions are not appropriate, and therefore **DENIES** the Defendants' Motion for Sanctions under Rule 11.

### III. Defendants' Motion for Sanctions Pursuant to 28 U.S.C. § 1927

Title 28 of the United States Code, Section 1927, reads in relevant part:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Thus, in order to impose sanctions, the court must find that the attorney acted unreasonably and vexatiously. *Kotsilieris v. Chalmers*, 966 F.2d 1171, 1184 (7th Cir. 1992).

Vexatious has been interpreted to mean either subjective or objective bad faith. *Id*. Subjective bad faith may be demonstrated by evidence of malice or ill will. *Id*. Objective bad faith may be demonstrated by evidence of "extremely negligent conduct, like reckless and indifferent conduct." *Id*. at 1185; *see also In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985). Subjective bad faith is harder to prove than objective bad faith, and "must be shown only if the conduct under consideration had an objectively colorable basis." *Dal Pazzo v. Basic Machinery Co., Inc.*, 463 F.3d 609 (7th Cir. 2006).

The issue raised by Defendants' Motion for Sanctions is whether Mr. Waterfill was put on notice that Plaintiff had altered certain documents in support of her Counter-Motion for Summary Judgment and Response to Defendants' Motion for Summary Judgment. Defendants posit that Mr. Waterfill was informed by Dr. Stanley's office that certain Return to Work Slips – one written by her and one written by Nurse McMullen – had been altered. Defendants contend that at that time, Mr. Waterfill should have been

4

put on notice that there was a problem with these exhibits and investigated this matter. Had he done so, he would have learned that Plaintiff had altered these documents, thus vitiating her right to recover under the FMLA. This litigation would have ended in April 2007, seventeen (17) months earlier than it did. Defendants thus request the court sanction Mr. Waterfill for "unreasonably and vexatiously" multiplying this litigation.

The Return to Work Slips at issue were the subject of two affidavits sent to Dr. Stanley's office, one for Dr. Stanley's signature and one for Nurse McMullen's signature. At the hearing of this matter, Nurse McMullen testified that the Return to Work Slip signed by her had been altered. The Return to Work Slip should have been dated November 3, 2005, but had been altered to read December 27, 2005. Nurse McMullen's testimony was corroborated by Dr. Stanley. (Dr. Stanley Dep. at 71). Dr. Stanley testified in her deposition that the Return to Work Slip dated January 27, 2006, had been altered, and that Plaintiff's return to work date should have been January 28, 2006, rather than January 30, 2006. (*Id*. at 70).

Cathy Canny ("Ms. Canny"), a paralegal in Mr. Waterfill's law office, testified that Robin Tuttle, an employee of Dr. Stanley's, spoke with her on the phone and informed her that Dr. Stanley did not sign her affidavit because it contained incorrect information. (Affidavit of Cathy Canny ("Canny Aff.") ¶ 7). The phone call was quick and "there was no indication [to her that] there was a forgery." (*Id*.). Ms. Canny believed this to be a mere "paperwork problem." (*Id*.). Ms. Canny notified Mr. Waterfill of Dr. Stanley's concern, at which time he directed Ms. Canny to call Dr. Stanley's office and

5

tell her to make the corrections as necessary and return the affidavit. (*Id*. ¶ 8). Ms. Canny testified at the hearing of this matter, and her testimony is consistent with her affidavit. Dr. Stanley returned her affidavit with the corrections, but Nurse McMullen did not. In support of Plaintiff's Counter-Motion for Summary Judgment and Plaintiff's Response to Defendants' Motion for Summary Judgment, the altered Return to Work Slips were attached to the Plaintiff's affidavit as Exhibits C and D. Plaintiff thereafter submitted a supplemental affidavit with the same Return to Work Slips attached. The affidavits of Dr. Stanley and Nurse McMullen were not submitted with Plaintiff's evidence.

Mr. Waterfill testified at the hearing that he had no idea that Plaintiff had altered documents, including Exhibits C and D. Mr. Waterfill testified that these documents had been used in other depositions, and no one ever thought to question their authenticity. Mr. Waterfill testified that immediately after Dr. Stanley's deposition, he contacted Plaintiff, who admitted to wrongdoing, and the case was promptly dismissed. In short, Mr. Waterfill maintains that he was "duped" by Plaintiff.

Having reviewed the evidence submitted by the parties and the testimony presented at the hearing, the court finds that Mr. Waterfill did not know that the documents filed with his summary judgment submissions contained false information. Mr. Waterfill testified that he believed that the documents were authentic, and the authenticity of the documents never arose throughout the discovery process. Indeed, the Defendants never raised the issue of authentication during the summary judgment

proceedings even though the altered documents were authenticated by Plaintiff through her affidavit and supplemental affidavit. Moreover, Mr. Waterfill took this case as part of the Indianapolis Bar Association's Lawyer Referral Service. The court is confident that Mr. Waterfill would not risk his fine reputation as a lawyer on any case, much less a case like this, by filing altered documents. As such, a finding of subjective bad faith has not been shown.

That said, Mr. Waterfill should have been more diligent in investigating the authenticity of the documents used in this case, more careful and discerning about the exhibits he chose to file, and exercised more supervisory authority over his paralegal, Ms. Canny. The court finds Mr. Waterfill's conduct was negligent, but not "extremely negligent" or "reckless." *Kotsilieris*, 966 F.2d 1181, 1185 (7th Cir. 1992) ("[S]omething more than ordinary negligence must exist in order to justify the order of sanctions [under 28 U.S.C. § 1927]."). As such, a finding of objective bad faith has not been shown. The court therefore finds that Mr. Waterfill did not unreasonably and vexatiously multiply these proceedings. Defendants' Motion for Sanctions Pursuant to 28 U.S.C. § 1927 is therefore **DENIED**.

**IV.     Conclusion**

The Defendants' did not comply with the "safe harbor" provision of Rule 11 and Plaintiff's counsel voluntarily dismissed the action once he became aware of the Plaintiff's conduct. Accordingly, Defendants' Motion for Sanctions under Rule 11 (Docket # 109) is **DENIED**. Moreover, Mr. Waterfill's conduct, although negligent, does

not rise to the level of sanctionable conduct under 28 U.S.C. § 1927. Accordingly, the Defendants' Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Docket # 132) is **DENIED**.

**SO ORDERED** this  15th   day of December 2008.

                                                                RICHARD L. YOUNG, JUDGE
                                                                United States District Court
                                                                Southern District of Indiana

Electronic Copies to:

William L. O'Connor
DANN PECAR NEWMAN & KLEIMAN
woconnor@dannpecar.com

Caren L. Pollack
MANDEL POLLACK & HORN
cpollack@mplaw.net

Mark Richard Waterfill
DANN PECAR NEWMAN & KLEIMAN
mwaterfill@dannpecar.com